UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| MICHAEL V. SMITH, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| v. | ) | No.   1:09-cv-205 |
| | ) | *Chief Judge Curtis L. Collier* |
| BRADLEY COUNTY JAIL | ) | |
| | ) | |
|     *Defendant*. | ) | |

**MEMORANDUM**

Michael V. Smith ("Smith") has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Court File No. 3). Smith brings suit against the Bradley County Jail ("Jail"). Smith claims he was denied medical care and his mail was opened, read, and held by prison officials. For the following reasons, Smith's complaint will be **DISMISSED** (Court File No. 3).

**I.    Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Smith, that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Smith, is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Smith is an inmate or prisoner in custody at Lexington Federal Medical Center in Lexington, Kentucky, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Smith shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Smith's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment,

whichever is the greater of

      (a)    twenty percent (20%) of the average monthly deposits to Smith's inmate trust account; or

      (b)    twenty percent (20%) of the average monthly balance in Smith's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Smith's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and judgment to the Warden and Custodian of Records at Lexington Federal Medical Center, in Lexington, Kentucky, and the Commissioner of the Bureau of Prisons to ensure the custodian of Smith's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of Smith's file and follow him if he is transferred to another institution. The agency having custody of Smith shall continue to collect monthly payments from Smith's prisoner account until the entire filing fee of $350.00 is paid.

Smith will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Smith to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II.     Standard of Review

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers.  *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, *pro se* status does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law.  *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).  *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995).  Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions.  *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re *DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).  The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994).  "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'"  *Lillard*, 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

## III.  Facts

Smith contends while he was housed at the Bradley County Jail, medical staff was deliberately indifferent to his serious medical needs. Smith suffers from chronic low back pain with radicular symptoms and arachnoiditis in addition to having degenerative changes in his hips. (Court File No. 3-1, p. 4). Smith complains rather than giving him the pain pills prescribed by his pain management doctors, Nurse Pam only gave him anti-inflammatory medication and muscle relaxers.

In his second claim, Smith complains unidentified staff at Bradley County Jail opened and held his legal mail and letters from Congressman Zack Wamp and Senator Dewayne Bunch.

## IV.  Analysis

### A.  *42 U.S.C. § 1983*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg*, 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F3d 459 (7th Cir. 1997).

4

Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). The Supreme Court has rejected the notion that a "wholly conclusory statement of claim" could survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007). Thus, at a minimum, a complaint must include the necessary facts and grounds upon which a particular claim rests. Additionally, to state a § 1983 claim, a plaintiff must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244.

### B. *Identity of Defendants*

#### 1. *Bradley County Jail*

The only defendant Smith named in this action is the Bradley County Jail ("Jail"). The Jail is a building and not a person or a legal entity which can be sued under 42 U.S.C. § 1983. Therefore, the Jail is not a "person" within the meaning of § 1983. *Shoemaker v. Greene County "Jail" Detention Center*, 2007 WL 2159295 (E.D. Tenn. July 26, 2007) ("The Greene County "Jail" Detention Center is a building and not a "person" who can be sued under § 1983."); *Seals v. Grainger County Jail*, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983"); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) (county sheriff's department is not a suable entity under § 1983);

*Williams v. Baxter*, 536 F. Supp. 13, 16 (E.D. Tenn. 1981) (city police department is not a suable entity under § 1983). Accordingly, this defendant will be **DISMISSED**.

      *2.    Nurse Pam*

Although Smith only named the Jail as a defendant, in the body of his complaint he claimed Nurse Pam was deliberately indifferent to his serious medical needs and denied him pain medication.[1] To the extent Smith has named Nurse Pam as a defendant, he has failed to identify in what capacity he has sued her. The complaint does not indicate whether Nurse Pam is being sued in her official capacity, individual capacity, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in her individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd*, 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the

governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94.

---

[1] Although Smith named Officer Roach and Mr. Kelly in the complaint, he was praising them for bringing the mail situation to his attention.

Although it is preferable that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City . . .;" and Moore sought compensatory and punitive damages against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id.* at 774. However, the Sixth Circuit ruled that "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

The complaint before this Court is not analogous to the complaint in *Moore*. In the case at bar, Plaintiff failed to specify in his complaint that he was suing Nurse Pam as an individual, rather than in her official capacity. Indeed, the defendant is not even identified in the style of the case and is only referred to in the body of the complaint by her official title—Head Nurse Pam or Head Nurse (Court File No. 1). Thus, absent any clear indication in the complaint that Head Nurse Pam is being sued in her individual capacity, the Court must assume she is being sued in her official capacity. *Id.* at 772.

A claim against Head Nurse Pam in her official capacity is treated as an action against the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953

7

F.2d 232, 237 (6th Cir. 1992). Because Defendant has been sued only in her official capacity as an employee of Bradley County, Tennessee, the Court must proceed as if Smith has in fact sued Bradley County. Therefore, in order to prevail, Smith must demonstrate the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Bradley County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Bradley County--caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the county itself, and show the particular injury was incurred because of the execution of that policy; all of which Smith has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Smith does not allege the violation of his rights resulted from any policy or custom on the part of Bradley County. Smith's failure to demonstrate the alleged violations of his constitutional rights resulted from acts representing official policy or custom adopted by Bradley County, has resulted in his failure to state a constitutional violation. Therefore, to the extent Head Nurse Pam was named as a defendant in this action, she is entitled to judgment as a matter of law.

Accordingly, the complaint will be **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A and 1915(e)(Court File No. 1).

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

9